[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been satisfied.
The parties met in November 1987. The following May they began living together. They were married on June 14, 1990. There were no children issue of the marriage. However, the plaintiff had 3 children by a former marriage.
The marriage has broken down irretrievably with no hope of reconciliation and it is dissolved. The breakdown was caused by the defendant's violent actions towards the plaintiff, her son and to the marital residence. Before the parties were married and when they were living together, in February 1989, the defendant beat up the plaintiff so badly that she required medical attention and he was arrested as a result of the assault. Then 6 months after they were married, on December 23, 1990, the defendant again beat up the plaintiff and again she required medical attention. In March 1991, the plaintiff and the defendant were hosting a party in their home when the defendant became enraged at something and while venting his anger caused a great deal of damage to the house with their guests watching. There were other incidents when the defendant broke holes in the walls of their house and kicked the doors of the rooms in it. In September 1991 the defendant spanked the plaintiff's son unmercifully and then walked out of the house. Three months later the plaintiff filed for divorce. She attempted a reconciliation in the period from June to December 1991 during which time they lived together. In December 1991, the plaintiff found out the defendant had been sleeping with a girl they had met at a wedding. She asked the defendant about the girl and he lied to CT Page 6057 her about the relationship.
The defendant admitted to the incidents of February 1989 and December 1990 but did not assume any responsibility for what happened. Also he did not deny that he had been sleeping with the girl.
The court finds that the defendant was solely to blame for the breakdown of the marriage. The plaintiff's attempt to reconcile ended when she learned about the defendant's girl friend.
The plaintiff shall transfer to the defendant her interest in the marital home at 384 Second Avenue, West Haven, and the defendant shall assume all responsibility for payment of the mortgage, taxes, insurance and all other costs of the marital home. The defendant will hold the plaintiff harmless and indemnify her from any and all liability created by the debt of the first mortgage on the marital home.
The defendant shall pay all debts listed on his Financial Affidavit including the joint debt due Concord Financial and shall hold the plaintiff harmless from any claim therefrom. The plaintiff shall pay all the debts listed on her Financial Affidavit except as stated herein and shall hold the defendant harmless therefrom.
The parties shall retain all personal property belonging to them listed on their respective Financial Affidavits. The plaintiff may also remove from the marital home besides her personal belongings, her books, her air conditioner and the basketball loop.
The plaintiff may resume using her maiden name of Natalie Purington.
Each party shall pay the fees of their respective counsel.
The plaintiff is awarded alimony in the amount of $150 a week for two years.
THOMAS J. O'SULLIVAN, TRIAL REFEREE